**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| LAQUANA TERRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:13-cv-04035-B |
| SSM HOLDINGS, LLC | § | |
| d/b/a ONTRONICS, | § | |
| | § | |
| Defendant. | § | |

**JOINT MOTION TO APPROVE SETTLEMENT**
**AND TO DISMISS CLAIMS WITH PREJUDICE**

Plaintiff, LAQUANNA TERRY, and the Defendant, SSM HOLDINGS, LLC, by and through their undersigned counsels, hereby move the Court for approval of the settlement of the parties as set forth in the Settlement Agreement that is attached hereto, and for cause show the Court the following:

**Introduction**

1.     Plaintiff, LAQUANNA TERRY, instituted this lawsuit for overtime compensation, liquidated damages, out of pocket expenses costs of court, attorney's fees, pre-judgment interest, post-judgment interest and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b). Plaintiff only brings claims on behalf of herself and not as a collective action on behalf of other similarly situated individuals.

2.     As shown in more detail below, there are bona fide disputes of fact and law between the parties and the settlement to which the parties have agreed is a fair and equitable compromise of those bona fide disputes.  Accordingly, the parties request that the Court approve the settlement, as detailed in the Settlement Agreement that is attached hereto as Exhibit "A."

## Standard for Approving FLSA Settlement Agreements

3.       There is case law that can supports the proposition that, because the FLSA's provisions are mandatory, an employee's claims for back wages or overtime may not be compromised absent either supervision by the Secretary of Labor, *see* 29 U.S.C. § 216(c), or approval by the court.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th 1982).  The Fifth Circuit has recognized the res judicata effect of a court-approved settlement of FLSA claims, where a bona fide dispute of both law and fact was involved in the litigation and the proposed settlement agreed upon was fair and equitable to all parties concerned. *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).

4.       There is also case law that can supports the proposition that the settlement of an employee's claims under the FLSA is enforceable without the prior approval of the Court. *See Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (a private settlement agreement is an enforceable resolution of those FLSA claims predicated upon a bona fide dispute about the time worked and not as a compromise of guaranteed FLSA substantive rights themselves).  *See also Martinez v. Bohls Bearing Equipment Co.*, 361 F. Supp. 2d 608 (W.D. Tex. 2005) (a private settlement of FLSA claims is enforceable under circumstances where there is a bona fide dispute as to the amount of hours worked or compensation due).

5.       The parties do not concede that the Court's approval is a mandatory perquisite for the enforceability of the settlement, but due to the status of case law on the matter, the parties seek the Court's approval of the settlement to ensure the enforceability of the settlement without the need for any further actions on the matter.

## The Proposed Settlement Should Be Approved
## Because Bona Fide Disputes Exist Between the Parties

6.      Plaintiff files this suit on October 5, 2013. More than eight months elapsed between the filing of the suit and the parties reaching the settlement. Plaintiff conducted discovery and reviewed Defendant's records of Plaintiff's hours worked and wages received. Defendant filed a comprehensive answer and disputed Plaintiff's claims and allegations. Plaintiff was represented at all relevant times by counsels who specialize in FLSA litigation and were qualified and experienced in the subject matter of the lawsuit. The settlement was reached within the context of this lawsuit at a Court-ordered mediation at which the parties were present and represented by their respective counsels of record. The parties have engaged in lengthy settlement discussions that commenced soon after the lawsuit was served on Defendant. The parties exchanged information regarding the claims asserted in this litigation.  After the parties discussed the issues involved in this case, bona fide disputes remain regarding the following:

(a)      the overtime hours that Plaintiff claimed to have worked, the period used by Plaintiff to compute her claim for wages, whether Plaintiff's activities were compensable work, whether Plaintiff should be paid for her lunch breaks, and whether all of the time during which Plaintiff was clocked-in for work was spent performing compensable work, including time waiting to clock out from work;

(b)      whether and to what extent Defendant would be liable for the alleged violations of the Fair Labor Standards Act;

(c)      whether Plaintiff was entitled to overtime pay, whether she actually worked overtime without compensation, and, if she did, the amount of uncompensated work;

(d)      whether Plaintiff can establish a "willful" violation of the FLSA, and, therefore, whether the presumptive two-year statute of limitations would govern this case; and

(e)      whether Plaintiff is entitled to liquidated damages where Defendant acted in good faith.

### The Proposed Settlement Should Be Approved Because It Is Fair and Equitable

7.      The proposed settlement is both fair and equitable.  Fairness is usually determined based upon factors such as (1) absence of fraud or collusion; (2) effect of the case on judicial resources; (3) stage of the proceedings and amount of discovery undertaken; (4) probability or improbability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) opinions of plaintiff and counsel.  *See, e.g., Liger v. New Orleans Hornets NBA L.P.*, 2009 WL 2856946, at *2 (E.D. La. 2009).

8.      There is no suggestion of fraud or collusion in this case. The settlement is the product of arms-length negotiations reached at a Court-ordered mediation by a qualified mediator. There was no opportunity for fraud or collusion as the settlement was based on the parties' rendition of the pertinent facts after the parties disclosed and discussed there respective positions and assessed the merit and evidentiary weight of their respective proof.

9.      The parties, being aware of the issues presented, disputes remaining in this litigation and the inconveniences, costs and risks of going to trial, determined that this proposed settlement would be a fair and equitable compromise that would also avoid wasting judicial resources.

10.      This proposed settlement is also fair and reasonable.  Plaintiff's claim for unpaid overtime is $8,461.50, representing Plaintiff's actual damages and which is based upon a

disputed assumption that Plaintiff worked a set number of overtime hours for each week of her employment for the full limitations period afforded by the FLSA. Defendant disputed this claim and it is Defendant's position that Defendant has paid Plaintiff for all overtime hours worked. Plaintiff's claim for attorney's fees at the time of the mediation is $7,104.00.  The total proposed settlement amount is $13,750.00. Defendant is not privy to the allocation of the settlement amount between Plaintiff and her counsel. But Plaintiff agrees that the settlement amount adequately compensate her for the alleged FLSA violation.

11.     The parties are represented by experienced and competent counsel.  Plaintiff's counsels have significant civil litigation and trial experience, particularly in the area of wage and hour disputes. Defendant's counsel has extensive experience in civil litigation and has represented several employers in FLSA litigation. The parties received the benefit of the advice of their respective counsels.  Therefore, the agreement to settle the claims in this litigation will fairly resolve Plaintiff's FLSA claim. This settlement represents a fair and reasonable compromise of these claims.

12.     Both parties acknowledge that there is no guaranty of success at a trial of this lawsuit and further acknowledge the certainty of the cost and inconvenience of taking the lawsuit to trial. Accordingly, the uncertainty of the ultimate outcome of a trial further supports the conclusion that this settlement is fair and equitable.

13.     Plaintiff and Defendants agree that the terms of the settlement are fair and equitable.

**Allocation of Payments to Wages and Damages**

14.     The settlement also provides that each party will bear their own attorneys' fees and costs and that Plaintiff's lawyer will be responsible for disbursement of the settlement

payment according with Plaintiff's agreement with her lawyers. Plaintiff and her counsels have an agreement as to disbursement of the settlement payments under which Plaintiff will be adequately compensated for her claim from the settlement amount.

15.     In as much as the settlement payment was made for disputed claims and not specifically earmarked for the payment of wages or overtime compensation, Defendant will not make any employment tax deductions from the settlement payment.  If any taxes are payable on the settlement amount, Plaintiff will be fully responsible for the payment of said taxes. Defendant will issue a 1099 at the appropriate time, describing the payment as "other income" to Plaintiff.  The 1099 payments will be reported to the Internal Revenue Service.  All of the details of the settlement are in the attached Settlement Agreement which is incorporated herein by reference for all purposes.

### Conclusion

16.     The settlement agreed to by the parties is a fair and equitable compromise of bona fide disputes and Plaintiff and Defendant therefore request that the Court approve the settlement at this time.

17.     The parties further move the Court to dismiss all claims made and that could have been made in the case, in their entirety, with prejudice, and order that each party bear her/its own attorney's fees and costs in accordance with the terms of the settlement agreement.

18.     The parties further request that the Court retain jurisdiction to enforce the terms of the settlement agreement until December 15, 2014.  An Agreed Order Granting Approval of the Settlement and Dismissing Claims with Prejudice, approved by the parties, has been submitted with this Motion.

Respectfully submitted this 7th day of July, 2014.


_____/s/ Vijay Pattisapu_____               _____/s/ Ray Singh_____
Vijay A. Pattisapu                          Ray R. Singh
Texas State Bar No. 24083633                Texas State Bar No. 18434900
Charles L. Scalise                          100 North Central Expressway, Suite 901
Texas State Bar No. 24064621                Richardson, Texas 75080
Daniel Ross                                 Tel. No. (972) 492-4028
Texas State Bar No. 00789810                Fax No. (972) 492-0216
Ross Law Group, P.C.                        rsinghesq@aol.com
540 E. Pleasant Run Road                    ATTORNEY FOR DEFENDANT
DeSoto, Texas 75115
Tel. No. (800) 634-8042
Fax No. (835) 867-4455
vijay@rosslawgroup.com
ATTORNEY FOR PLAINTIFF

Exhibit "A"

Settlement Agreement and General Release

(Attached)

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| LAQUANA TERRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:13-cv-04035-B |
| SSM HOLDINGS, LLC | § | |
| d/b/a ONTRONICS, | § | |
| | § | |
| Defendant. | § | |

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is made and entered into by and between the Plaintiff, LAQUANNA TERRY, and the Defendant, SSM HOLDINGS, LLC.

**WHEREAS,** LAQUANNA TERRY instituted the following civil action:  Case No. 3:13-cv-04035-B in the United States District Court, Northern District of Texas, Dallas Division, against SSM HOLDINGS, LLC for overtime compensation, liquidated damages, out of pocket expenses costs of court, attorney's fees, pre-judgment interest, post-judgment interest and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("Lawsuit");

**WHEREAS,** SSM HOLDINGS, LLC filed an Answer with multiple affirmative defenses in which SSM HOLDINGS, LLC denied LAQUANNA TERRY's claims;

**WHEREAS,** pursuant to the Court's Scheduling Order (Document 11), the parties mediated the case and settled the matter at the mediation on June 11, 2014, entered into a Rule 11 and Settlement Agreement to resolve this matter and avoid the disruption and expense of further litigation ("Mediation Agreement") and further agreed to reduce the Mediation Agreement to a settlement agreement and other dismissal documentation to dismiss the Lawsuit;

**NOW, THEREFORE,** in consideration of the premises and mutual promises contained herein, it is agreed as follows:

1. The foregoing recitals are true. This agreement is not and shall not in any way be construed as an admission by any party of any wrongdoing.  The parties have entered into this agreement for the sole purpose of resolving the aforementioned civil litigation and to avoid the burden, expense, delay and uncertainties of litigation.

2. Within five days of the execution of this agreement, the parties shall file with the Court through their counsels a Joint Motion to Approve Settlement and to Dismiss Claims with Prejudice in form and substance similar to the motion that the parties' counsels execute simultaneously with this agreement.  The parties further agree to present such evidence and testimony as may be necessary to secure the Court's approval of the settlement and dismissal of the Lawsuit with prejudice.

3. In consideration of this Agreement, and in full and final settlement of any claims which were made by LAQUANNA TERRY in the Lawsuit and all claims and causes of action that LAQUANNA TERRY has or may have against SSM HOLDINGS, LLC, its members, managers, officers, employees, agents, attorneys and representatives, whether based in contract, tort or otherwise, including, but not limited to claims of wages, other employment benefits and sexual harassment, SSM HOLDINGS, LLC shall pay to LAQUANNA TERRY the total sum of THIRTEEN THOUSAND SEVEN HUNDRED FIFTY AND 00/100 DOLLARS ($13,750.00) ("Settlement Amount") as follows:

A. Seven Thousand and no/100 Dollars ($7,000.00) within ten (10) days from the date on which a fully executed original of this Agreement is delivered to SSM HOLDINGS, LLC ("Initial Payment"); and

B. One Thousand Five Hundred and no/100 Dollars ($1,500.00) per month commencing from the 40th day after the delivery of the fully executed Agreement to SSM Holdings, LLC, until the remaining $6,750.00 of the Settlement Amount if paid in full. SSM Holdings, LLC may prepay this amount at any time without penalty.

All of the foregoing payments shall be made via check made payable to Ross Law Group IOLTA Trust Account and delivered to the Ross Law Group, PC, 1104 San Antonio Street, Austin, Texas 78701. The Initial Payment check has been delivered to Ross Law Group and Ross Law Group agrees to hold all checks in trust until this Agreement is fully executed and delivered to the parties. LAQUANNA TERRY agrees that Ross Law Group shall be responsible for the disbursement of the Settlement Amount pursuant to the agreement between Ross Law Group and LAQUANNA TERRY.

4.     SSM Holdings, LLC will issue a 1099 at the appropriate time, describing the payment as "other income" to Plaintiff.  The 1099 payments will be reported to the Internal Revenue Service.  LAQUANNA TERRY shall report and pay all taxes payable with respect to the Settlement Amount paid under this Agreement and shall indemnify, defend and hold SSM Holdings harmless form and against any claim for taxes, penalties and/or interest payable with respect to the Settlement Amounts.

5.     Time is of the essence as to all of the parties' obligations under this Agreement. All late payments shall bear simple interest at 1.5% per month.  If an action for collection or

enforcement of any amounts due under this agreement, including interest owed, is instituted, the prevailing party will be entitled to a reasonable attorney's fee and all costs.

6.      In consideration and conditioned upon receipt of the Settlement Amount as described above, LAQUANNA TERRY does hereby absolutely release and forever discharges SSM HOLDINGS, LLC, its members, managers, officers, employees, agents, attorneys and representatives ("SSM Released Parties") from any and all claims that were asserted or could have been asserted in the Lawsuit and all claims and causes of action that LAQUANNA TERRY has or may have against the SSM Released Parties, individually or jointly, whether based in contract, tort or otherwise, including, but not limited to claims of sexual harassment. Additionally, in consideration of the settlement described above, SSM HOLDINGS, LLC does hereby release and forever discharge LAQUANNA TERRY from any and all claims, whether counterclaims, cross-claims, or other claims of any kind that were asserted or could have been asserted in the Lawsuit.

7.      Except as otherwise agreed in Paragraph 3 of this Agreement, the parties shall bear their own attorney's fees and costs.

8.      LAQUANNA TERRY agrees to keep the terms of this Agreement confidential and to not disclose the terms of this Agreement to any person or entity except her legal and financial advisors or as may be required by a court issued subpoena.  In response to any inquiries, LAQUANNA TERRY may state, by illustration, that "the case was resolved", "the case was settled", or words of similar force, effect and/or nature.  The disclosure of the terms of this Agreement to the Court in order to secure approval of the settlement shall not constitute a waiver of LAQUANNA TERRY'S confidentiality obligations hereunder.

9.     This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof.  This agreement may not be changed orally, and may only be modified in writing signed by the parties.

10.     In signing this Agreement, all parties expressly warrant that they have read and fully understand it and that there are bona fide disputes as to the law and facts. LAQUANNA TERRY specifically agrees that there is a bona fide dispute concerning her claims, including the number of unpaid overtime hours claimed, whether she was entitled to overtime pay for hours not spent working or *de minimis* hours, whether SSM Holdings LLC violated the FLSA and whether SSM Holdings, LLC actions can constitute a willful violation of the FLSA. LAQUANNA TERRY agrees that the subject settlement is fair and equitable. All parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it.  All parties acknowledge that they have had an opportunity to and have consulted with an attorney before signing this Agreement.

11.     This Agreement may be executed in counterparts each of which shall be deemed an original and binding on its signatory, but which collectively shall constitute one and the same instrument.

12.     This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

13.     All warranties, representations, terms, conditions, covenants, agreements and releases contained herein shall survive this Agreement.  Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining

parts, terms or provisions shall not be affected thereby, and said invalid parts, terms or provisions shall be deemed not a part of this Agreement.

14.     This Agreement is entered into in the State of Texas, and its validity, construction, interpretation and administration shall be governed by the laws of the State of Texas.

15.     In entering into this Agreement, all parties represent that they have relied upon the legal advice of their attorney, who is the attorney of their choice, and that the terms of this Agreement have been completely read and explained to them by their respective attorney, and that they fully understand and accept those terms.

16.     All parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

17.     This Agreement may be enforced by any court having jurisdiction and relief shall include specific performance and injunctive relief.

_____     July 3, 2014
LAQUANA TERRY

_____     Date: June ___, 2014
Shawn Moeenuddin, Manager
SSM Holdings, LLC

parts, terms or provisions shall not be affected thereby, and said invalid parts, terms or provisions shall be deemed not a part of this Agreement.

14.     This Agreement is entered into in the State of Texas, and its validity, construction, interpretation and administration shall be governed by the laws of the State of Texas.

15.     In entering into this Agreement, all parties represent that they have relied upon the legal advice of their attorney, who is the attorney of their choice, and that the terms of this Agreement have been completely read and explained to them by their respective attorney, and that they fully understand and accept those terms.

16.     All parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

17.     This Agreement may be enforced by any court having jurisdiction and relief shall include specific performance and injunctive relief.


_____ June ___, 2014
LAQUANA TERRY


_____ Date: June _30_, 2014
Shawn Moeenuddin, Manager
SSM Holdings, LLC


Settlement Agreement and General Release                    Page 6

APPROVED AS TO FORM AND SUBSTANCE:

*Vijay Pattisapu*

Vijay A. Pattisapu
Texas State Bar No. 24083633
Charles L. Scalise
Texas State Bar No. 24064621
Daniel Ross
Texas State Bar No. 00789810
Ross Law Group, P.C.
540 E. Pleasant Run Road
DeSoto, Texas 75115
Tel. No. (800) 634-8042
Fax No. (835) 867-4455
vijay@rosslawgroup.com
ATTORNEY FOR PLAINTIFF

Ray R Singh
Texas State Bar No. 18434900
100 North Central Expressway
Suite 901
Richardson, Texas 75080
Tel. No. (972) 492-4028
Fax No. (972) 492-0216
rsinghesq@aol.com

ATTORNEY FOR DEFENDANT
SSM HOLDINGS, LLC

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| LAQUANA TERRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:13-cv-04035-B |
| SSM HOLDINGS, LLC | § | |
| d/b/a ONTRONICS, | § | |
| | § | |
| Defendant. | § | |

**AGREED ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT**
**AND TO DISMISS CLAIMS WITH PREJUDUCE**

On this day, the Court considered the Parties' Joint Motion to Approve Settlement and to Dismiss Claims with Prejudice and, having considered the Motion, the pleadings and the settlement agreement attached to the Motion, the Court finds that *bona fide* disputes of law and facts exist between the Parties, that the terms of the settlement are fair and equitable and constitutes a reasonable resolution of the claims, including the bona fide dispute over provisions of the Fair Labor Standards Act and that the Motion should be GRANTED.

IT IS, THEREFORE, ORDERED that the settlement reached by the Parties, as evidenced by the Settlement Agreement signed by the parties and approved by their counsels of record is hereby approved for all purposes.

IT IS FURTHER ORDERED that this action be dismissed with prejudice, it its entirety, and that each party bear her/its own attorney's fees and costs pursuant to the Settlement Agreement.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to enforce the terms of the settlement agreement until December 15, 2014.

SO ORDERED, on this ___ day of _____, 2014.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

_____/s/ Vijay Pattisapu_____
Vijay A. Pattisapu
Texas State Bar No. 24083633
Charles L. Scalise
Texas State Bar No. 24064621
Daniel Ross
Texas State Bar No. 00789810
Ross Law Group, P.C.
540 E. Pleasant Run Road
DeSoto, Texas 75115
Tel. No. (800) 634-8042
Fax No. (835) 867-4455
vijay@rosslawgroup.com
ATTORNEY FOR PLAINTIFF

_____/s/ Ray Singh _____
Ray R Singh
Texas State Bar No. 18434900
100 North Central Expressway
Suite 901
Richardson, Texas 75080
Tel. No. (972) 492-4028
Fax No. (972) 492-0216
rsinghesq@aol.com

ATTORNEY FOR DEFENDANT
SSM HOLDINGS, LLC